# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6528-R (AJWx) | Date | June 18, 2008 |
|---|---|---|---|
| Title | ANTI-DEFAMATION LEAGUE v. BORIS PRIBICH | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED.STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)** ORDER DENYING DEMAND FOR DISQUALIFICATION (DE 107)

On June 12, 2008, Defendant Boris Pribich ("Defendant"), pro se, filed a Demand for Disqualification. Defendant seeks to disqualify Judge Manuel Real and Judge Philip Gutierrez. Pursuant to General Order 07-02 and Local Rule 72-5, the application was referred to this Court. For the following reasons, the Court denies Defendant's request.

Under 28 U.S.C. § 144, the moving party is required to file a "timely and sufficient affidavit [alleging] that the judge before whom the matter is pending has a personal bias or prejudice against him." 28 U.S.C.S. § 144 (2008). The test for sufficiency of the affidavit under Section 144 for disqualification of a judge based on bias or prejudice is also the test for recusal under 28 U.S.C. § 455. *See Litkey v. United States*, 510 U.S. 540, 548 (1994). The test is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). "Judicial impartiality is presumed." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000); *see also United States v. Zagari*, 419 F.Supp. 494, 501 (N.D. Cal. 1976). The party seeking disqualification bears a "substantial burden" of proving bias or partiality, and while factual allegations in the affidavit are accepted as true, general or conclusory allegations do not suffice as a basis for disqualification. *Zagari*, 419 F. Supp. at 500-01; *see also Hayes v. Nat'l Football League*, 463 F.Supp. 1174, 1179 (C.D. Cal. 1979).

Defendant fails to meet the test for disqualification under Sections 144 and 455(a). As his basis for seeking relief, Defendant states that Judges Real and Gutierrez "committed multiple violations of the statutes which render their judgment illegal and void." (Def.'s Demand for Disqualification.) Among the alleged violations are: (1) conspiracy to illegally remove key documents from the court record, (2) obstruction of correspondence, (3) obstruction of proceedings, (4) intimidation; (5) forgery of court documents, and (6) fraud on the court. *Id*.

Defendant has failed to provide adequate evidence or proof that either Judge Real's or Judge

Gutierrez's impartiality might be reasonably questioned. Given the high burden of proof on the moving party to prove that the judges in question should be disqualified, Defendant has failed to meet this burden of proving that Judge Real and Gutierrez are biased. Therefore, the Court finds no reasonable basis for Defendant's request.

Moreover, court records show that this current request for disqualification is the fifth unsuccessful attempt by Defendant to disqualify Judge Real and all other judges who have heard Defendant's prior requests for disqualification. Specifically, on February 14, 2008, Defendant attempted to disqualify Judge Real. Judge Walter denied Defendant's motion to disqualify Judge Real. On March 13, 2008, Defendant filed another motion to disqualify Judge Real and Judge Walter, which Judge Collins subsequently denied. On April 2, 2008, Defendant filed a motion to disqualify Judges Real, Walter and Collins. Judge Matz denied the motion on April 9, 2008. On May 16, 2008, Defendant filed yet another motion to disqualify, as to Judges Real and Matz. Judge Gutierrez denied this motion on June 6, 2008. Defendant is hereby admonished that future motions to disqualify based on similar, unsubstantiated allegations may suggest vexatious conduct and result in Defendant's being declared a vexatious litigant.

Based on the foregoing, the Court **denies** Defendant's Demand for Disqualification of Judges Real and Gutierrez in the above-referenced matter.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
|  | Initials of Preparer | slw |