UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6528 ABC (AJWx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Anti-Defamation League v. Boris Pribich | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None Present | | None Present | |

**Proceedings:**   PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES  (In Chambers)

Pending before the Court is Plaintiff Anti-Defamation League's ("Plaintiff") Application for Attorneys' Fees ("Application"), filed on September 10, 2008.  Defendant Boris Pribich ("Defendant") has not filed an opposition.  The Court determined that this matter was appropriate for resolution without oral argument, and took it under submission.  See Fed. R. Civ. Pro. 78; Local Rule 7-15.  Having considered the materials submitted by the parties and the case file, the Court **GRANTS** the Application.

## I.  DISCUSSION

On August 22, 2008, the Court granted Plaintiff's Motion for Partial Summary Judgment against Defendant.  The Court also found that Defendant's conduct was "malicious, fraudulent, deliberate and/or
willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a)."  The Court therefore concluded that "[Plaintiff] is entitled to recover its attorneys' fees and costs incurred in bringing this action" and ordered Plaintiff to file a detailed application for attorneys' fees. (August 22 Order 10:4-12.)  The instant Application was filed pursuant to that Order.  Therein, Plaintiff seeks an award of $214,289.00 in attorneys' fees and $15,496.72 in legal research costs, for a total of $229,785.72.  Having already determined that Plaintiff is entitled to fees, the Court need only determine whether the amount sought is reasonable.

The Court notes that Defendant failed to file an opposition to the Application.  Under Local Rule 7-9, "Opposing Papers," papers opposing a motion are due served on the movant and filed with the Court "not later than fourteen (14) days before the date designated for the hearing of the motion."  Because this Application was set for hearing on October 6, 2008, Defendant's opposition papers, if any, were due served and filed not later than September 22, 2008.

Under Local Rule 7-12, "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  In this case, the Court deems

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6528 ABC (AJWx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Anti-Defamation League v. Boris Pribich | | |

Defendant's failure to file an Opposition as his consent to the granting of Plaintiff's Application as filed. In addition, having reviewed the Applications, the Court also grants it on its merits for the reasons briefly set forth below.

**A.    Legal Standard**

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In ERISA cases, attorneys' fees are calculated by a two-part "hybrid lodestar/multiplier" approach. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). First, "[t]he 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000), citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. Hensley, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434. The lodestar should be presumed reasonable unless some exceptional circumstance justifies deviation. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988).

After computing the lodestar, the court is to assess whether additional considerations enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), require the court to adjust the figure. Caudle, 224 F.3d at 1028. The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client;(12) awards in similar cases. Kerr, 526 F.2d at 70.

**B.    Calculation of the Lodestar.**

    **1.    Counsels' Hourly Rates and the Hours Billed Are Reasonable**

The work counsel performed, the time spent, and their billings are reasonable. The firm Proskauer Rose handled this case on a pro bono basis, and avers that it will donate any fees it collects in this matter to a pro bono organization or other charitable enterprise. Associate Navid Soleymani, a USC graduate with seven years of practice experience, billed 178.25 hours on this matter, at rates of $500, $530, and $565 per hour. Associate Nicole Tellem, a UCLA graduate with three years of practice experience, billed 292.90 hours on this matter, at rates of $360, $390, and $480 per hour. The attorneys' hourly rates were increased in accordance with the firm's practice of raising billing rates twice per year. (Soleymani Decl. ¶¶ 3-4.) These rates are comparable to those of other attorneys of similar education and experience, employed at similar-sized law firms, in the Los Angeles area.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6528 ABC (AJWx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Anti-Defamation League v. Boris Pribich | | |

The Court accepts Plaintiff's calculation that the sum of the hours worked multiplied by the applicable hourly rate equals $214,289.  The Court has reviewed the case docket and the time entries submitted with the Soleymani declaration and finds no reason to deduct fees for excessive, redundant, or otherwise unnecessary work.  Furthermore, Defendant has waived objection to any particular time sheet entries, or to the reasonableness of the hourly rates, by failing to file an opposition.

**2.      Online Legal Research Fees**

Plaintiff also seeks the recovery of costs incurred for Westlaw and LexisNexis online legal research services in the amount of $15,496.72.  The Ninth Circuit has not directly stated whether computerized legal research should be considered attorneys' fees or overhead.  See B & H Mfg. Co. v. Bright, 2006 U.S. Dist. LEXIS 12249, *46 (E.D. Cal. 2006).  This Court agrees with the Seventh Circuit's view that "[t]he added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching.  Therefore, we see no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee."  Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago, 38 F.3d 1429, 1440-1441 (7th Cir.1994).  Accordingly, the Court awards Plaintiff its legal research expenses in the amount of $15,496.72.

Adding the hourly fees awarded and the legal research costs awarded results in the presumptively reasonable **lodestar of $229,785.72.**

**C.      Application of the Kerr Factors**

The Court must next apply the Kerr factors.  The Court notes that Plaintiff did not address these factors in its Application and is apparently seeking no upward adjustment to the lodestar.  Having considered the factors independently, the Court finds that none of them call for a departure from the presumptively reasonable lodestar, either to increase or decrease the award.  Indeed, Plaintiff avers that Proskauer attorneys and firm personnel other than Mr. Soleymani and Ms. Tellem performed work and recorded time on this matter, but the Application seeks to recover only the fees for Mr. Soleymani and Ms. Tellem, the principal attorneys on the case.  Plaintiff's decision to forego applying for such fees reinforces the reasonableness of its request.  Accordingly, the Court will not adjust the lodestar.

**II.  CONCLUSION**

The Court hereby awards Plaintiff attorneys' fees in the amount of **$229,785.72** to be paid by Defendant within thirty (30) days of the issuance of this order.

**IT IS SO ORDERED.**

                                                                                                                   _____ : _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6528 ABC (AJWx) | Date | October 6, 2008 |
|---|---|---|---|
| Title | Anti-Defamation League v. Boris Pribich | | |

Initials of Preparer   AB for DA